## The People on the relation of Amos A. Kinney v. Edward H. C. Wilson, Judge, &c.

*Notice of judgment rendered in vacation.*—The party against whom a decision is rendered by a Circuit Judge in vacation, is entitled to a written notice, either from the clerk or from the opposite party, before the ten days allowed him for making a case commences to run.

*Heard and decided October 31st.*

12 MICH.—C.

THE PEOPLE v. WILSON.

Motion by *C. A. Stacy*, for a mandamus, directed to the Circuit Judge of the first Circuit, to compel him to settle and sign a case. It appeared by the affidavits presented, that the case of the relator against Andrew J. Gaumer, was submitted to the Court upon the facts, and that the Judge, on September 23, 1863 (in vacation), delivered to the clerk his decision in writing, in favor of defendant. On the next day, the defendant's counsel verbally informed the plaintiff's attorney of the decision, which was the only notice he received from any source. On October 4th, the plaintiff's attorney signed a stipulation consenting to the taxation of defendant's costs. Within ten days from that date, plaintiff's attorney prepared a case, and served it upon the attorney for defendant; and due notice was afterwards given for settling the same by the Judge. On appearing before the Judge, the defendant's attorney objected to the settlement, because the case was not prepared and served within ten days after the oral notification of the decision. The Judge, being in doubt as to the proper construction of the rules on the subject, declined to sign the case, that the question might be settled by this Court.

*Mr. Stacy* argued that under *Comp. L.* § 3441, and rules 81 and 6 of the Circuit Courts, the ten days allowed the party to make a case for review in this Court did not commence running until he had been served with written notice of the entry of the judgment.

*A. L. Millerd*, contra, referred to *Richardson v. Yawkey*, 9 *Mich.* 139, as settling the rule, that a party who has acted upon knowledge of a judgment can not afterwards insist upon his right to a written notice. In this case, the plaintiff had stipulated for the taxation of the costs, and, in so doing, had of course acted upon the notice received September 24th, since that was the only

notice given him. He had thus waived his right to insist that the notice thus received was not sufficient.

MARTIN CH. J.:

Under the statute, the clerk must at least serve notice of the judgment on the successful party; and either that party or the clerk should serve written notice upon the other party, before the ten days will commence running. He is not to be deprived of his rights without written notice from some one.

MANNING J. I think the correct practice is for the clerk to notify the successful party of the decision, and the latter should then serve written notice upon the other party.

CAMPBELL J. If defendant, by stipulating for the taxation of the costs on October 4th, waived his right to insist upon a written notice, the waiver could not relate back of that time.

*Mandamus granted.*