GREENLEY *v.* HOVEY.

1. EQUITY PRACTICE—GENERAL DEMURRER—APPEAL.

The right of appeal from an order overruling a general demurrer to a bill in chancery, given by 2 How. Stat. § 6737, was not enlarged or abridged by Chancery Rule No. 9, requiring the reasons for the demurrer to be stated therein; and, upon an appeal from such order, the question for determination is whether the bill would, prior to the adoption of such rule, have been subject to a general demurrer for the defects stated.

2. VOID TAX SALE—BILL TO VACATE—PARTIES.

The auditor general, while a proper, is not a necessary, party to a bill to set aside an invalid tax sale.

3. SAME—PLEADING—GENERAL DEMURRER.

The failure of the complainant in such bill to offer therein to refund the taxes paid by the purchaser is not such an omission as can be taken advantage of on general demurrer.

Appeal from Kent; Grove, J. Submitted October 5, 1897. Decided January 18, 1898.

Bill by Harlan A. Greenley and Ella J. Morse against Cyrus A. Hovey and Nathan Griffin to set aside a tax sale. Defendants appeal from an order overruling their demurrer to the bill. Affirmed.

*Earle & Hyde,* for complainants.

*Cyrus A. Hovey,* for defendants.

MONTGOMERY, J. Complainants filed a bill of complaint, alleging that defendant Hovey became the purchaser, at the tax sale of 1895, of certain property, which the county treasurer assumed to sell for the taxes of 1893; that the certificate issued to Hovey on this sale was assigned to defendant Griffin, but that defendant Hovey is still the real owner; that the sale was void, for the

reason that the lands in question were not included in the advertised list; and praying the cancellation of the certificate. Defendants interposed a demurrer, and, under Chancery Rule No. 9, stated the reasons for the same. The circuit judge overruled the demurrer, and defendants appeal. The two special reasons assigned in the court below, and which are urged in this court, are: *First*, that the bill contains no allegation of any tender of the taxes due on the property, nor any offer to pay; *second*, that the auditor general is not made a party.

The statute (section 6737, 2 How. Stat.) permits an appeal from an order overruling a demurrer. Chancery Rule No. 9 was not intended to enlarge or abridge this right. It follows, then, that the question for determination is whether, for the alleged defects, the bill would, prior to the adoption of this rule, have been subject to a general demurrer.

We think the auditor general, while a proper party, is not a necessary party, to this proceeding. Section 75 of Act No. 206, Pub. Acts 1893, contemplates that a sale may be vacated in a case to which the auditor general is not a party, and provides that the auditor general shall have notice of that fact.

The failure to offer in the bill to do equity by refunding the tax paid is not, we think, such an omission as can be taken advantage of on a general demurrer. A general demurrer challenges the equity of the case made by the bill, and will be overruled if a case for equitable relief is set out, however imperfectly. *Glidden* v. *Norvell*, 44 Mich. 206; *Wilmarth* v. *Woodcock*, 58 Mich. 484; *Cochrane* v. *Adams*, 50 Mich. 16. The case stated by the bill was one of equitable cognizance, and complainants were, under the averments in the bill, entitled to some measure of relief. It is true, the court might require, as a condition to relief, the payment of the valid tax; but these matters can be taken care of on the hearing, or, at the most, should be made the subject of a special demurrer. See *Sandford* v. *Flint*, 24 Mich. 26, and cases

cited in note 3 (Ann. Ed.); *Shuee* v. *Shuee*, 100 Ind. 477; *Clement* v. *Everest*, 29 Mich. 19; *Thomas* v. *Beals*, 154 Mass. 54.    There is a distinction between a case like the present, which is in its nature a bill to quiet title, and such a case as *Palmer* v. *Township of Napoleon*, 16 Mich. 176, which was a bill to restrain the collection of a tax, and the bill wholly failed to show what was the legal and what was the illegal part of the tax.

The order will be affirmed, and the case remanded.

The other Justices concurred.