ROBINSON *v.* KUNKLEMAN.

| 117 | 193 |
| 124 | 17 |
| 117 | 193 |
| 142 | ¹375 |

1. EQUITY PRACTICE—DEMURRER—APPEAL.

No appeal will lie from an order overruling a special demurrer to a bill in chancery.

2. SAME—CHANCERY RULES.

A demurrer which would have been good as a general demurrer prior to Chancery Rule No. 9 is none the less so because, under that rule, the special reasons in matters of substance are required to be stated. So *held,* where the demurrer interposed set forth, as special reasons, prior adjudication, want of equity, and want of jurisdiction.

3. SAME.

A general demurrer challenges the equity of the case made by the bill, and will be overruled if a case for equitable relief is set out, however imperfectly.

4. JUDGMENTS—SATISFACTION—SET-OFF.

The satisfaction of a judgment may be wholly or partly produced by setting off a judgment against the judgment creditor in favor of the judgment debtor; and the judgment sought to be so set off against each other need not have been rendered in the same court.

5. SAME—COURTS.

The power of setting off judgments is one of general equitable jurisdiction, the right to exercise which is not confined to the chancery court of the county where the judgments sought to be set off were rendered, but rests in any court of equity which acquires jurisdiction of the parties and of the subject-matter.

6. SAME—REPLEVIN—GOODS FRAUDULENTLY PURCHASED—ACTION ON ACCOUNT.

In replevin for goods alleged to have been purchased with a fraudulent purpose not to pay for them, the account for the value of the goods sold is not involved, and the plaintiff, though defeated in the replevin suit, may sue upon the account.

7. EQUITY JURISDICTION—STATEMENT OF AMOUNT INVOLVED.

A bill alleging that the amount owing by complainant upon a judgment sought to be subjected to set off is $100, over
117 MICH.—13.

and above any and all claims or liens which, so far as he is advised, any persons claim to have against said judgment, is not demurrable as failing to state an amount sufficient to confer jurisdiction upon the court.

Appeal from Wayne; McMahon, J., presiding. Submitted February 2, 1898. Decided May 24, 1898.

Bill by Adolph Robinson and Sigmund Aronheim against Joseph Kunkleman and George Lovely for a set-off of judgments. From an order overruling a demurrer to the bill, defendant Lovely appeals. Affirmed.

*Bowen, Douglas & Whiting*, for complainants.

*Smith & Hood*, for appellant.

LONG, J. The bill filed in this cause sets out, substantially, that prior to January, 1896, complainants were copartners engaged in the wholesale liquor business at Detroit; that at that time defendant Kunkleman was a retail liquor dealer in the city of Lansing, and that about January 3, 1896, complainants sold him on credit certain liquors of the value of $269.13; that about the 7th of January, 1896, Kunkleman placed his business in charge of defendant Lovely; that about the 14th of January complainants, under the claim that Kunkleman had fraudulently purchased the goods with a fraudulent purpose not to pay for them, demanded the goods of Lovely, and, upon being refused, brought replevin in the circuit court for Ingham county; that afterwards, and in December, 1896, the replevin suit was tried in the said circuit court, and a verdict rendered in favor of Lovely, who waived a return of the property, and was awarded judgment against complainants in the sum of $257.80 and costs; that no appeal was taken therein, and that such judgment remained in full force and effect in the circuit court for the county of Ingham; that, on the trial of said cause, defendant Lovely was sworn as a witness in his own behalf, and testified that he had never bought the said goods and merchandise of said Kunkleman, and at no time had he any

interest therein except as agent for Kunkleman; that defendant Kunkleman was also sworn as a witness in behalf of defendant in said replevin suit, and testified, in substance and effect, that he had never sold said goods and merchandise to Lovely, but that he had put said Lovely in charge of the goods and merchandise, to sell the same for him as his agent; and that Kunkleman further testified on the trial of said replevin suit that he had never informed Aronheim that he had sold or traded the said goods. The bill then alleges that, at the time when the replevin suit was commenced, the possession of Lovely was the possession of Kunkleman, and that the judgment recovered by Lovely was in fact a judgment in favor of Kunkleman, although in name in favor of Lovely.

The bill further alleges that afterwards, and in January, 1897, complainants brought suit against Kunkleman to recover for the goods sold, before one William Ennis, a justice of the peace of the city of Lansing, and that on the 30th of January they recovered judgment against him, on account of the goods sold, for $269.13 and costs; that such judgment was unsatisfied at the time of filing the bill, and remained of record before the justice; that Kunkleman was insolvent at the time the judgment was rendered, and still is insolvent. The bill avers that complainants are ready and offer to pay into court the difference between the amount of the judgment held against them by Lovely and the judgment which they hold against Kunkleman; that the amount now owing by them on the Lovely judgment is the sum of $100, "over and above any and all claims or liens which, so far as your orators are advised, any person or persons claim to have against said judgment." The bill then prays that Lovely and Kunkleman may be enjoined from selling, assigning, or disposing of the judgment rendered in the replevin suit, and prays that the moneys owing complainants from Kunkleman on the judgment recovered against him before Ennis, justice of the peace, may be set off against the judgment recovered against them by Lovely in the re-

plevin suit, and that, on the payment of the difference between the amount due on the judgment obtained by Lovely against complainants and the amount due complainants against Kunkleman, "the said judgment in said replevin suit may be discharged, and your orators, and each of them, freed from any and all liability thereon." The bill then concludes with prayer for process.

The following demurrer was interposed:

"That the complainants have not stated such a case in their bill as entitles them to relief in a court of equity, for the following reasons:

"For that said bill should have been filed, and said cause begun, if at all, in the circuit court for the county of Ingham, in chancery; it appearing by said bill that the action of replevin therein set forth was commenced, tried on the merits, and judgment rendered therein, in the circuit court for the county of Ingham, and that the judgment alleged to have been recovered by said complainants against said defendant Kunkleman was also recovered in a justice's court for the county of Ingham, and is now of record therein, and any action or suit to set off any thing or matters against said judgment in replevin, or vacate or impair the validity thereof, is local, and must be commenced in the county where the judgment was rendered, and that the circuit court for the county of Wayne has no jurisdiction to entertain said bill.

"For that all material facts set forth in said bill of complaint were available and proper matters of defense in said action of replevin, and were necessarily adjudicated therein, and are therefore *res judicata*.

"For that no mutuality exists or is alleged to exist between the debt or judgment recovered by said defendant Lovely against said complainants and the judgment recovered by said complainants against said defendant Kunkleman.

"For that it is not alleged that the interest of said Lovely in the judgment recovered by him amounts to the sum of $100 over and above the liens thereon in favor of his counsel in recovering such judgment, as well as all other services performed by such counsel for said Lovely.

"For that it is not alleged in said bill that the facts upon which the set-off is now claimed were unknown to complainants at the time the action of replevin was tried,

"For that neither fraud, accident, mistake, nor other causes for equitable relief are alleged or shown to have contributed to, or have been the cause of, the rendition of the said judgment in replevin recovered by the said George Lovely against the said complainants.

"For that it appears by said bill that all the several matters and things therein alleged against the enforcement of the said judgment recovered by said Lovely in said replevin suit against complainants were, if valid, available to said complainants in defense of the judgment recovered by said Lovely.

"For that said bill and the relief therein prayed seeks to prevent and delay the attorneys and counsel of said Lovely from the collection of their lien and interest upon and in the said judgment in replevin pending litigation in this cause."

The demurrer was overruled, and from this order the defendant Lovely appeals.

Complainants contend that the demurrer is special, and not general, and therefore the order overruling it is not one from which an appeal will lie, under section 6737, 2 How. Stat., which provides that "any complainant or defendant who may think himself aggrieved by the order overruling a general demurrer, or by the decree or final order of a circuit court in chancery in any cause, may appeal therefrom to the Supreme Court." Prior to the enactment of this statute, in 1883, no appeal would lie from an order overruling a demurrer. *Bennett* v. *Nichols*, 12 Mich. 25; *Kirchner* v. *Wood*, 48 Mich. 199. Since the passage of the act of 1883, it has many times been held that appeals will lie only from orders overruling general demurrers. *Turck* v. *Soule*, 55 Mich. 128; *Shaw* v. *Chase*, 77 Mich. 436; *Babcock* v. *McJury*, 76 Mich. 316; *Taylor* v. *Taylor*, 87 Mich. 64; *Greenley* v. *Hovey*, 115 Mich. 504.

Rule 9 of the new chancery rules provides that—

"The form of a demurrer may be as follows: 'The defendant says that the complainant has not stated such a case in his bill as entitles him to relief in a court of equity, for the following reasons:' (adding briefly but plainly the

special reasons in matters of substance in a general demurrer, as well as matters of form in a special demurrer)."

It was held in *Greenley* v. *Hovey* that this rule requiring the reasons for a demurrer to be stated therein was not intended to enlarge or abridge the rights of the parties to appeal from an order overruling a general demurrer. A general demurrer challenges the equity of the case made by the bill, and will be overruled if a case for equitable relief is set out, however imperfectly. *Glidden* v. *Norvell*, 44 Mich. 206. But, under rule 9, the general demurrer may now contain special reasons in matters of substance. These special reasons do not make the demurrer any the less a general demurrer. The demurrer in the present case must be treated as general, and the order overruling it properly appealed from.

In the case of *Greenley* v. *Hovey* the special reasons stated in the general demurrer were: (1) That the bill contained no allegation of any tender of the taxes due on the property, nor any offer to pay. (2) That the auditor general was not made a party. The demurrer was overruled below, and the order appealed from; and it was determined here that it was a general, and not a special, demurrer.

The questions, therefore, raised under the demurrer, must be determined upon this appeal.

It appears from the bill that the judgment obtained against complainants in the Ingham circuit court was in fact a judgment in favor of defendant Kunkleman. Complainants have a valid judgment against Kunkleman, and the court is asked by the bill to compel Kunkleman to allow the judgment rendered in complainants' favor to be set off against his judgment in the Ingham circuit court. Counsel for defendant contend that the Wayne circuit court, in chancery, has no jurisdiction over the subject-matter, for the reason that the defendant's judgment is in the Ingham circuit court, and that court alone has control of the judgment. Counsel cite several cases which they contend support this view. These cases hold that one

court cannot control the execution of the orders and pro-
cesses of another court of equal jurisdiction.    *Plunkett*
v. *Black,* 117 Ind. 14, and cases there cited.    It was held
in *Maclean* v. *Wayne Circuit Judge,* 52 Mich. 257, that,
when a court of competent jurisdiction has become pos-
sessed of a case, its authority continues, subject only to
the appellate authority, until the matter is finally and
completely disposed of, and no court of co-ordinate author-
ity is at liberty to interfere with its action.    In that case
a proceeding was commenced in the Wayne circuit court,
in chancery, to obtain a new trial in a cause which had
been tried in the superior court of Detroit.    The bill filed
in the Wayne circuit court, in chancery, alleged the mis-
conduct of the jury in the superior court, and cancellation
of the judgment was asked in consequence of it.    In the
present case the process of the Wayne circuit court, in
chancery, operates upon the parties, and not upon the
Ingham circuit court.    No attack is made upon the judg-
ment of the Ingham circuit.    It proceeds upon the theory
that a valid judgment exists in the Ingham circuit against
complainants, but says to Kunkleman, the party owning
such judgment, that the complainants have a valid judg-
ment against him, and that, in equity and good conscience,
one judgment should be set off against the other.    It is a
matter which a court of chancery alone can control.

But counsel say, if a court of chancery should interfere,
the action must be brought in the Ingham circuit court, in
chancery.    That is not the court in which the judgment is
of record, and that court has no greater power over it than
the Wayne circuit, in chancery.·    *Douglass* v. *Joyner,* 1
Baxt. 32.    In *Massie* v. *Mann,* 17 Iowa, 131, it was held
that an execution issued upon a judgment of the supreme
court might be enjoined by the district court of the county
in which it was sought to be enforced.    It is true that
courts will not grant an injunction to stay proceedings in
another court having the same power to grant relief.
Under the circumstances stated in this bill, the Ingham
circuit court would have no power to set off one of these

judgments against the other. That question is peculiarly within the province of a court of equity. The complainants reside in Wayne county, and that court acquired jurisdiction of the parties and of the subject-matter. The decree rendered in the cause would operate upon the parties, and, under such a decree as the complainants would be entitled to if the allegations of the bill be supported by the proofs, the court could compel the set-off.

The rule is laid down in 2 Freeman on Judgments ( section 467a) that the satisfaction of a judgment may be wholly or partly produced by compelling the judgment creditor to accept in payment a judgment against him in favor of the judgment debtor; or, in other words, by setting off one judgment against another. It is also said, in the same connection, that the judgments sought to be set off against each other may have been rendered in the same or in different courts. The learned author also lays down the rule that the court of law in which the judgment is entered can give relief by virtue of its equitable power, and may direct that the judgment of another court be credited upon or set off against its judgment, except when the rights of the parties are too intricate and complicated to be adjusted elsewhere than in a court of equity. The facts set up in the present case show that the judgment in the Ingham circuit court is in form in favor of defendant Lovely, but that equitably it belongs to defendant Kunkleman. Complainants' judgment is against Kunkleman. Here are the facts to be established, and necessarily the parties must go into a court of equity to establish them, and, the facts being established, that court could compel the defendant to allow the set-off. In *Simpson* v. *Hart*, 1 Johns. Ch. 94, it was said: "It has been observed that the power of setting off judgments, not only of the same but of different courts, did not depend upon the statutes of set-off, but upon the general jurisdiction of the court over its suitors, and that it was an equitable jurisdiction, and frequently exercised," — citing Mont. Set-Off, 6;

*Mitchell* v. *Oldfield*, 4 Term R. 123; *Glaister* v. *Hewer*, 8 Term R. 69.

But counsel contend that the judgment before the justice was upon an account which could have been set up in the original proceeding in the Ingham circuit. If the justice's judgment could now be attacked in this collateral way, yet it must be held that the matter could not have been there litigated. That was an action of replevin, the complainants here claiming to be the owners of the goods in controversy. Defendant Lovely had them in possession, and they were replevied from him. He succeeded in that case in obtaining a judgment against complainants for their value. This did not involve the account against Kunkleman for the value of the goods sold.

It is also contended that the bill will not lie, for the reason that it does not allege that the interest of Lovely in the judgment recovered by him amounts to the sum of $100, over and above the liens thereon, etc. The bill does allege that the amount now owing by them on the Lovely judgment is "the sum of $100, over and above any and all claims or liens which, so far as your orators are advised, any person or persons claim to have against said judgment." We think this is a sufficient statement of the amount involved to give the court jurisdiction.

No other questions need be discussed. The court below very properly overruled the demurrer. That order will be affirmed, with costs of this court in favor of complainants, and defendants allowed 20 days in which to answer the bill, if they so desire.

The other Justices concurred.