FLYNN *v.* HOLMES.

APPEAL AND ERROR—APPEALABLE DECISIONS—ORDER OVERRUL-
ING DEMURRER TO CROSS-BILL.

An order overruling a general demurrer to a cross-bill is ap-
pealable.

Bill by Lawrence Flynn against Andrew J. Holmes to
set aside an execution levy and sale. From an order
overruling a demurrer to defendant's cross-bill, complain-
ant appeals: On motion to dismiss. Submitted Decem-
ber 5, 1905. (Calendar No. 21,407.) Denied December
22, 1905.

*Osborn & Mills*, for the motion.

*William A. Luby*, contra.

BLAIR, J. The defendant, being a judgment creditor
of the complainant, sued a writ of execution out of the
circuit court for Kalamazoo county, and levied it upon a
house and lot in the city of Kalamazoo, which the com-
plainant occupied and still occupies as his homestead.
After all the steps required by law had been taken the
property was sold and bid in by the defendant. The time
for redemption from the sale has expired. About the time
that the period for redemption from the sale expired com-
plainant filed the bill of complaint in this case, in which
he prayed that the levy and sale, and all proceedings
thereunder, be set aside, vacated, and held for naught.
In due time the defendant filed his answer to the bill of
complaint, and, among other things, alleged:

"That at the time said levy was made and said sale
took place the complainant was the real owner of the land
levied upon and sold; that before the levy was made he
had borrowed a certain sum of money from one Charles
F. Davis, and, to secure the repayment thereof, gave him

a deed of the property, and took back from him a land contract as a mere security, for the fraudulent purpose on the part of said Flynn, as this defendant believes and charges, to cover up the said property and to cheat and defraud this defendant by causing it to appear of record that said Davis was the owner of the property, when he was not in fact the owner thereof, and has never claimed or pretended to be; that complainant has always, since said levy upon said land, claimed the same to be his homestead, and still claims it as such in his bill of complaint and otherwise."

The defendant, upon the strength of this allegation, prayed relief as by way of cross-bill, and that the transaction between Flynn and Davis might be declared to be a mere mortgaging of the property, and defendant permitted to redeem therefrom. To this answer, as by way of cross-bill, the complainant filed a plea and demurrer, which were heard together and overruled by the court, and leave granted to answer within 14 days. From the order overruling the demurrer and plea, the complainant has taken an appeal to this court.

Defendant now moves to dismiss the appeal, apparently for the reason set forth in the argument of his counsel that the demurrer is not in effect a general demurrer, and that the practice should not be the same as on demurrer to an original bill of complaint. It was held in *Hackley* v. *Mack*, 60 Mich. 591:

" It was not the intention of the rule to deprive a party of any of his substantial rights secured to him by resort to a cross-bill, but to preserve to him all the benefits to be derived from a cross-bill by stating the substance thereof in the answer. Upon the filing of a cross-bill the complainant had the right to demur or answer thereto, and take issue on the matter set up in the cross-bill, and support his defense by proofs; and there is nothing in the rule which deprives the party of the benefits of such an issue, or the complainant of any rights to which he was entitled, in making defense to the matter set up in the answer, as fully as he could have done before the rule was made."

We think the cross-bill, prior to Chancery Rule 9, would

have been subject to a general demurrer for the defects specified in the demurrer, and that therefore the order overruling the demurrer was appealable. *Greenley* v. *Hovey,* 115 Mich. 504; *Robinson* v. *Kunkleman,* 117 Mich. 193; *Daschke* v. *Schellenberg,* 124 Mich. 16.

The motion is denied, with costs.

MOORE, C. J., and MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.