DENNIS GAINTY *vs.* JAY E. RUSSI

A motion to open a cause after a trial is closed, to receive the testimony of an additional witness, is addressed to the discretion of the court, and its decision can not be reviewed by a higher court.

A petition for an injunction against the wrongful use of a judgment fraudulently obtained at law, after alleging ample grounds for equitable relief, averred that there was not adequate remedy at law. The court found in general terms that the allegations of the petition were true, and granted the injunction. Held, on a motion in error by the respondent, that the question whether the petitioner could obtain ultimate relief by a proceeding at law was an immaterial one.

A court of chancery whose jurisdiction is not disputed, and is first invoked, can not be ousted of it by a subsequent proceeding in a court of law, on the ground that the latter tribunal has also jurisdiction.

The effect of a perpetual injunction in such a case is to restrain the respondent from ever making use of the legal process, and not to annul the process itself.

PETITION for an injunction to restrain the respondent from making use of a judgment and execution claimed to have been fraudulently obtained against him; brought to the Court of Common Pleas in New Haven County, and heard before *Stoddard, J.* The court granted a perpetual injunction; and the respondent moved for a new trial and also filed a motion

in error. The points decided by the court will be understood without a statement of the facts.

*J. E. Russell*, in support of the motions.

*H. L. Harrison*, contra.

PHELPS, J. The defendant's motion for a new trial rests wholly on the refusal of the Court of Common Pleas to open the cause several days after the trial had been closed, but before judgment was rendered, and admit the testimony of an additional witness offered by the defendant.

The finding shows that at the time of the trial the witness was in Branford, where the defendant resides, that it was well known to the defendant where he was and what he would testify, and that no measures were taken by subpœna or otherwise to procure his attendance.

It was entirely discretionary with the court whether the application of the defendant should be granted, and that discretion is not a subject of review in this court; and if it was, an examination of the facts found could not fail to satisfy us that it was properly exercised.

We are also satisfied that the motion in error discloses nothing for which the decree of the Court of Common Pleas should be reversed. The first error specially assigned is that the court mistook the law in finding that the petitioner was without adequate legal remedy.

The petition is brought to enjoin the defendant against what is alleged to be the threatened wrongful use of a judgment and execution improperly and fraudulently obtained, and among other averments contains the usual and generally proper one of a want of adequate remedy at law. In its decree the court in general terms finds true the facts alleged in the petition, and issue is not otherwise found on that averment. The allegations in the bill, if true, clearly laid the foundation for equitable relief, and the remedy sought was one which a court of chancery would make haste to apply, and the question whether the law would afford relief after the judgment had been enforced by the levy of an execution is

immaterial.  A court of chancery had undoubted jurisdiction, and whether a court of law also had is not important.  A court of chancery whose jurisdiction is not disputed, and is first invoked, can not be ousted of it by a subsequent proceeding in a court of law for the reason that the latter tribunal has also jurisdiction.

It is also claimed that the court erred in finding that the injunction ought to be made permanent to nullify a void judgment.  In looking carefully through the record we discover nothing which authorizes this claim.  The injunction is made perpetual to restrain the defendant from the improper use of legal process claimed to have been wrongfully and fraudulently obtained, and not to annul the process itself.  It does not affect the process, but enjoins the defendant from making an inequitable use of it.

Several other unimportant errors are assigned which we need not consider.

A new trial is not advised, and the judgment is affirmed.

In this opinion the other judges concurred.