PATRICK C. GRADY ET AL. V. MICHAEL H. HUGHES, JULIUS HOUSEMAN, ANTON G. HODENPYL, ET AL.

[See 64 Mich. 540.]

*Executors and administrators—Accounting—Fraud—Equity— Parties—Principal and surety.*

The liability of sureties in an administrator's bond arises only after the default of their principal is fixed, and then only under the terms of the obligation entered into by them.

So *held*, where, after the discharge of an administrator in probate court on a final accounting, the heirs at law filed a bill against the administrator and his sureties to set aside the orders for the allowance of his account and for his discharge, and for an accounting in the equity court, and for the payment of the balance found due by the sureties; the relief sought being based upon the alleged fraudulent acts and practices of the administrator in the management of the estate, with which the sureties were not alleged to have been conversant, or to have been negligent in not knowing of the same.

---

Appeal from Kent.   (Burch, J.)   Argued February 19, 1890.   Decided April 11, 1890.

Bill to set aside orders of the probate court allowing the final account of the defendant Hughes as administrator, and for his discharge, and for an accounting with said administrator, and the payment of the balance found due by defendant Houseman, one of his sureties, and defendant Hodenpyl, the executor of the other surety. Complainants and defendant Hughes appeal from decree sustaining demurrers of Houseman and Hodenpyl, and overruling that of defendant Hughes.   Decree affirmed. The facts are stated in the opinion, and in *Grady v. Hughes,* 64 Mich. 540.

*John A. Fairfield* (*Birney Hoyt,* of counsel), for complainants.

*FitzGerald & Barry,* for defendant Hughes.

*Fletcher & Wanty,* for defendant Housemen

*Norris & Norris,* for defendant Hodenpyl.

CHAMPLIN, C. J.   This case comes before us upon demurrers filed by defendants to the bill of complaint. The general demurrer for want of equity can only be considered.

Complainants are heirs at law of Jeremiah Grady, deceased.   The defendants are Michael H. Hughes, who was the administrator of Jeremiah Grady, who died in November, 1872; Isabella Grady, who was the widow of Jeremiah Grady; Julius Houseman, who is the surety in the probate bond of Michael H. Hughes as administrator; and Anton G. Hodenpyl, who is the executor of Richard E. Butterworth, who was the other surety in the administrator's bond.   Mary Adams and James Adams are grandchildren of Jeremiah Grady, deceased; their parents being

dead. Hughes, Houseman, and Hodenpyl filed separate demurrers, and upon hearing the court overruled the demurrer of Hughes, and sustained the demurrers of Houseman and Hodenpyl, and dismissed the bill as to each of them. Complainants and defendant Hughes bring separate appeals.

As to defendant Hughes, we think the bill shows sufficient equity to require an answer; and we therefore affirm the decretal order overruling his demurrer, and requiring him to answer, with costs. See *Grady v. Hughes*, 64 Mich. 540.

The prayer of the bill is that a certain order entered by the probate court allowing a final account of the administrator, and another order, subsequently made, discharging such administrator from his trust, may be vacated, set aside, and held for naught, and that defendant Hughes be required to render his final account as administrator of the estate of Jeremiah Grady, deceased, and that an account be taken in this court of the assets which came to Michael H. Hughes' hands as administrator, and his disposition and expenditure of the same, and a balance struck, and the amount found and stated due from him to the estate, and that the sureties on the bond be decreed to pay such amount forthwith. The relief sought against Hughes is based upon his fraudulent acts and practices in the management of the estate. But, as the sureties are not alleged to have been conversant of the fraud, or that they ought to have known it, they are not, and could not be, required to account with complainants; and their liability to pay for the default of their principal arises only after his default is fixed, and then only under the terms of the obligation entered into by them.

The bill shows no right to equitable relief against defendants Houseman and Hodenpyl, and the order sus-

taining the demurrer and dismissing the bill as to each of them is affirmed, with costs.

MORSE and GRANT, JJ., concurred. LONG, J., did not sit.