EWING *v.* LAMPHERE.

1. JUDGMENT—PROBATE ORDERS—EQUITABLE RELIEF—FRAUD.

Equity has jurisdiction to set aside an order of the probate court in administration proceedings on the ground that it was procured by the fraudulent concealment of a will of the decedent.

2. EQUITY—JURISDICTION—REMEDY AT LAW.

There is no adequate remedy at law barring equitable jurisdiction to set aside an order of distribution by a probate court and to protect the estate on behalf of legatees.

3. SAME—PLEADING—VERIFICATION.

The verification of a bill to set aside an order of the probate court by one or more complainants, though not by all, is sufficient.

4. SAME—LACHES—FRAUD—CONCEALMENT OF WILL.

Where, by the fraudulent concealment of decedent's will, his heirs procured an order of distribution in administration proceedings instituted by them, and the legatees, on discovering that there was a will, immediately commenced proceedings to have it probated, a suit in chancery four years later, while

the probate proceedings were still pending, to have the order of distribution set aside and to protect the funds of the estate, is not barred by laches.

5. SAME—JURISDICTION—SITUS OF PROPERTY.

A bill to set aside an order of distribution of a decedent's estate, and to prevent the dissipation of the fund and declare the parties holding it trustees, prays relief against persons and not property, so that the court is not deprived of jurisdiction, though a part of the property involved is without the State.

Appeal from Wayne; Brooke, J. Submitted February 18, 1907. (Docket No. 48.) Decided March 26, 1907.

Bill by Augusta Ewing and others against Helen Lamphere and others to enjoin the dissipation of an estate. From an order sustaining a demurrer to the bill, complainants appeal. Reversed.

*Maybury, Lucking, Emmons & Helfman,* for complainants.

*Bowen, Douglas, Whiting & Murfin,* for defendants Lamphere.

HOOKER, J. The bill of complaint avers: 1. That A. P. McIntyre died a resident of Wayne county, Mich., on May 13, 1900, leaving approximately $100,000 of personal property, and $30,000 in real estate. His heirs at law were two brothers, Franklin and Delos, both residents of New York, and a niece, Helen S. Lamphere, of Vassar, Mich.

2. Proceedings were had in Wayne county probate court to administer the estate, final account was rendered July 2, 1901, and an order of distribution of the residue of the estate was made on July 2, 1901, and the heirs had previously, and on May 16, 1901, partitioned the real estate among themselves by mutual deeds.

3. That A. P. McIntyre had been a widower for many years, and that he left a will, by which the brothers were disinherited, provision was made for the niece mentioned,

and the larger portion of his property was left to the complainants. They are Augusta Ewing, Emma DuBois, and Susan Stringer, nieces of the alleged testator's wife, Almond Harris, a nephew of said wife, Bessie Russell, Alice Burton, and Archibald Kenyon, daughters and son of one Eva D. Kenyon. It does not appear what if any relation they sustained to the testator.

4. That the defendants, or some of them or their agents, wrongfully destroyed, suppressed, or lost the aforesaid will, and the proceedings for administration were wrongfully and collusively begun, conducted, and hurried, and the property partitioned as aforesaid, and the defendants, who are pecuniarily irresponsible, are fraudulently disposing of the property.

5. That in the summer of 1901 complainants first heard of said will, and in August, 1901, received from one who had been a housekeeper for deceased (and who was a devisee of a hotel by the terms of said will)· an alleged memorandum copy or draft of said will, and upon August 24, 1901, complainant Augusta Ewing, presented to the probate court of Wayne county, Mich., her petition for the probate of said will, and that when this bill was filed, viz., on January 2, 1906, the same was pending and ready for hearing a third time in the circuit court for said county, said cause having previously been heard in the Supreme Court twice where opinions favorable to complainants had been twice filed. [133 Mich. 459, 141 Mich. 506.]

6. The bill asserts that the property became trust funds in the hands of the defendants by reason of the premises, that there is danger of their being dissipated and· lost to them, through the collusion and prodigality of the defendants; and its prayer is (a) that defendants be decreed to be trustees holding the moneys and property, as trust funds, for the benefit of the complainants; (b) that they be required to come to an accounting with complainants, regarding the same, and the income, profits, and proceeds; (c) that it be decreed to be still the prop-

erty and assets of the estate of said McIntyre, and subject to complainants' claims; (*d*) that it be decreed that the defendants took, received, and hold the same unlawfully and fraudulently; (*e*) that all of said assets, proceeds, and increase be held to answer the bequests and devises of complainants when said will shall have been finally established; (*f*) answers from each defendant to special interrogatories set forth in the bill; (*g*) a temporary injunction, restraining further disposition of said property, to be made perpetual on the entry of the decree; (*h*) a prayer for general relief.

A demurrer to the bill was filed on behalf of four out of the ten defendants. The grounds alleged were:

(1) an adequate remedy at law; (2) no cause for equitable jurisdiction; (3) want of proper verification; (4) laches constituting a bar; (5) want of jurisdiction of property outside of the State.

A motion to dissolve the ex parte injunction was also made. Upon a hearing the demurrer was sustained, and the bill was dismissed, and by consent the further order was made continuing the preliminary injunction in force, pending the decision of the Supreme Court of the proposed appeal from said decree.

The complainants disavow asking that the will be established in the chancery court, and say that they seek relief against the dissipation of the estate. We have held that our probate courts have jurisdiction over the probating of lost wills. See *Ewing* v. *McIntyre*, 133 Mich. 463. In view of the pendency of the proceeding for probate and the above-mentioned disavowal, we need not now pass upon the question whether equity would in all cases, or even in a case like the present, have jurisdiction to admit the lost will to probate. Jurisdiction is invoked upon other grounds; and they are, *first*, that there is a necessity to protect the fund pending the proceedings in probate court; *second*, that a judgment fraudulently obtained be set aside, without which the fund could not well be reached.

That equity may assume jurisdiction in both classes of cases does not admit of doubt (see 1 High on Injunctions [4th Ed.], § 688), and, while equity will not lightly interfere to suspend the effect of judgments, it is no uncommon thing for it to do so, to prevent the collection of a judgment obtained, upon filing a bill to vacate the judgment on the ground of fraud in procuring it. See 1 High on Injunctions (4th Ed.), §§ 190 et seq., 207, 232, 233, 235. It is noticeable that section 207 indicates that a preliminary injunction issued in the case there cited. *Gainty* v. *Russell*, 40 Conn. 450. See, also, 1 High on Injunctions (4th Ed.), §§ 3, 4, 5a, 8, (and notes *40, 42, 43*), 19. The jurisdiction to set aside judgments on the ground of fraud is equally well supported. See cases cited above. 1 Story on Equity Jurisprudence (13th Ed.), § 252; 12 Am. & Eng. Enc. Law (1st Ed.), pp. 139-142. Especially should this be true where the court which rendered the judgment is powerless to give relief. *Grady* v. *Hughes*, 64 Mich. 540, 80 Mich. 184; *Corby* v. *Wayne Probate Judge*, 96 Mich. 11; *Maney* v. *Casserly*, 134 Mich. 258.

It was clearly competent, therefore, for the complainants to bring this suit to set aside the orders of the probate court in the administration proceeding, upon the ground that they were obtained by fraud, although the court should, perhaps, defer a final determination of the question until the question of the fraudulent suppression of the will, upon which it depends, shall have been tried out in probate court, on the application to admit it to probate. As already indicated, we need not determine whether, having jurisdiction for the purposes named, it might dispose of the whole matter, thus practically probating the will and distributing the property, as it is unnecessary.

The bill is apparently filed upon the theory that the whole controversy might be settled in equity. Perhaps it might be, and possibly equity would be, a better tribunal to deal with these questions than the probate court, but counsel for the complainants have proceeded in probate court, and on a former occasion in this court and

case have insisted that the probate court alone has jurisdiction to probate the will. Moreover, as already stated, they disavow any intention to claim that this court should deal with that question. We are of the opinion that the substance and the prayer of the bill state a case within the cognizance of a court of equity.

The grounds of demurrer are not sound.

1. There is no adequate remedy at law either to set aside the order of distribution or to protect the fund.

2. We think the verification of the bill by one or more complainants, though not by all, is sufficient.

3. There is no substance to the claim of laches.

4. The bill does not ask the court to act upon the property, either outside of or within the State, but upon the parties.

Whether the preliminary injunction should be dissolved on the coming in of the answer is not a question for us to decide. It is within the discretion of the circuit judge.

The decree is reversed, and the demurrer is overruled. The usual order giving defendants time to plead may be taken. Complainants will take costs of this court.

McALVAY, C. J., and CARPENTER, OSTRANDER, and MOORE, JJ., concurred.