BLISS *v.* CAILLE BROTHERS CO.

1. APPEAL AND ERROR — PRACTICE ON MOTION FOR DISMISSAL OF WRIT.

On motions to dismiss writs of error, affidavits showing the dates of judgment are sufficient without attaching certified copies of the judgments.

2. SAME—STATUTE OF LIMITATIONS.

Writs of error issued more than 18 months after judgment are subject to dismissal without any plea of the statute of limitations.

3. SAME—COSTS.

An order dismissing such writs, with costs, is proper, although an attempt was made by appellant to dismiss after learning of the proposed motions.

Garnishment proceedings by Allaseba M. Bliss and Lorenzo T. Durand, executors of the last will and testament of Aaron T. Bliss, deceased, against the Caille Brothers Company, Wilber W. Steele, and A. Arthur Caille, copartners as the Caille Company, and Wilber W. Steele, A. Arthur Caille and Adolph A. Caille, as garnishee defendants of Silas W. Tyler and Fred B. Tyler: On motion to dismiss writs of error issued by garnishee defendants. Submitted May 25, 1909. (Calendar Nos. 23,393, 23,394, 23,395.) Motions granted June 14, 1909.

*John A. McKay* ( *William J. Gray* and *Lorenzo T. Durand,* of counsel), for the motion.

*Jonathan Palmer, Jr.* (*Elbridge F. Bacon* and *George W. Weadock,* of counsel ), *contra.*

HOOKER, J. The plaintiff filed motions to dismiss writs of error in the above-entitled three cases, showing by affidavit that the judgments were rendered and entered on July 3, 1906, and September 12, 1906, respectively.

Writs of error issued April 23, 1909, over two years after the judgments were entered. The time for issuing writs of error is limited to one year, with a possible extension of six months after judgment. 3 Comp. Laws, § 10492.

The defendant has raised the following technical questions:

(1) That there having been no return to the writs, and no certified copies of judgment entries being attached to the affidavits, we cannot know, and should not accept the statements in the affidavit as proof of the dates when the judgments were rendered.

(2) That it is only upon a plea of the statute of limitations that the question of dates can be raised and considered.

(3) That it appearing by counter affidavits that plaintiff in error directed the dismissal of his own writs of error and the issue of new ones before being served with notice of this motion, there is no occasion for the order of dismissal asked in this case.

A complete answer to the first two propositions is found in the case of *Teller* v. *Willis*, 12 Mich. 268, where we held that the proof of the necessary facts by affidavit is sufficient to warrant action, if such affidavits are not disputed. That case seems to have settled the practice. It has been followed ever since, and, so far we are able to learn, has never been questioned before.

The last point necessarily implies that plaintiff's motion to dismiss was meritorious when made, and apparently he was ignorant of defendant's attempt at a voluntary dismissal of these writs. We understand that such attempt was made after learning that plaintiff had already made, or would soon make, this motion.

Whatever the fact, we think the motions should be granted, with costs of the motions, and it is so ordered.

GRANT, MOORE, McALVAY, and BROOKE, JJ., concurred.