BLISS *v.* CAILLE BROS. CO.

APPEAL AND ERROR—DISMISSAL OF WRIT.
> On motion to dismiss writs of error issued three years after judgment, it is held that no rights could be based on a stipulation made by the attorneys which provided that neither party should thereby waive any rights.

Garnishment proceedings by Allaseba M. Bliss and Lorenzo T. Durand, executors of the last will and testament of Aaron T. Bliss, deceased, against the Caille Brothers, Wilber W. Steele, and A. Arthur Caille, copartners as the Caille Company, and Wilber W. Steele, A. Arthur Caille, and Adolph A. Caille, as garnishee defendants of Silas W. Tyler and Fred B. Tyler: On motions to dismiss writs of error. Submitted July 15, 1909. (Calendar Nos. 23,393, 23,394, 23,395.) Motions granted September 21, 1909.

*John A. McKay* (*William J. Gray* and *Lorenzo T. Durand,* of counsel), for the motions.

*Jonathan Palmer, Jr.* (*George W. Weadock* and *Elbridge F. Bacon,* of counsel), *contra.*

MOORE, J. This is a motion made to dismiss the writs of error issued in the above proceedings. The litigation has been before this court before. A reference to the opinions in *Bliss* v. *Caille Bros. Co.,* 149 Mich. 601 (113 N. W. 317), *Caille Bros. Co.* v. *Saginaw Circuit Judge,* 155 Mich. 480 (120 N. W. 6), and *Bliss* v. *Caille Bros. Co.,* 157 Mich. 258 (121 N. W. 756), will aid in an understanding of the case. The following data will also be useful: Principal suit commenced December 28, 1905. Writ of garnishment issued February 7, 1906. Garnishee defendants served February 9 and 23, 1906. Writ of garnishment returnable February 27, 1906. Default of

garnishee defendants entered February 28, 1906. Default of principal defendant entered June 30, 1906. Judgment against principal defendant entered July 3, 1906. Judgment against garnishee defendants entered September 12, 1906. Motions of garnishee defendants to open their defaults and vacate judgments against them filed November 27, December 5, and December 13, 1906.

The writs of error which it is sought to dismiss were issued May 21, 1909. It is contended that defendants got some rights with reference to the issuance of the writs of error by virtue of a stipulation entered into by the parties and an order of court entered which was based thereon. A reference to the stipulation and order refutes the claim of counsel, for it is provided therein—

"That this stipulation shall in no wise affect the rights or claims of either party to said litigation with regard to matters of substance or matters of procedure, neither party being at liberty to make any use of the stipulation as evidence of the waiver of rights claimed in or arising out of the litigation."

The defendants seek by the course now taken to have writs of error issued nearly three years after judgment remain in this court, and to have the cases heard therein. This cannot be done. *Buckley* v. *Sutton*, 38 Mich. 1; *Caille Bros. Co.* v. *Saginaw Circuit Judge*, 155 Mich. 483 (120 N. W. 8), and cases cited; *Bliss* v. *Caille Bros. Co.*, 157 Mich. 258 (121 N. W. 756).

Motion to dismiss is granted.

BLAIR, C. J., and GRANT, McALVAY, and BROOKE, JJ., concurred.