### STEELE v. BLISS.

1. JUDGMENT—RES JUDICATA—MOTIONS—DEFAULT—GARNISHMENT —ORDER DENYING GARNISHEE'S MOTION TO SET ASIDE DEFAULT —FRAUD—ESTOPPEL.

Complainant, in a suit to set aside a default judgment against him in garnishment proceedings, for fraud, having moved the court in that cause to open the default for the same reasons as those alleged in his bill of complaint, is not concluded by an order denying his motion on the ground that he was too late in moving for permission to open the default, under Circuit Court Rule 12, although the court also found on the decision of such motion that the alleged fraud was not made out.

2. SAME—SETTING ASIDE—EQUITY—FRAUD.

Averments of the bill that complainant was informed by the attorney for garnishee plaintiff that he need pay no attention to the proceedings, and nothing further would be done in the case as to him, that complainant, in reliance on such statements, consulted no attorney and filed no answer therein, whereupon his default was entered without his knowledge, and, on moving for leave to open the default as soon as he had notice thereof, but more than six months after personal service, he was refused relief, states a case for equitable relief.

3. Same—Injunction.

> In such case it is unnecessary to interfere with the judgment against the principal defendant on which such garnishment proceedings were based; jurisdiction is predicated upon the power of the court to enjoin enforcement of the judgment against complainant, if it was fraudulently obtained.

4. Same—Venue—Jurisdiction.

> The bill was properly filed in Gladwin county, where complainant resided, and where execution was levied upon the judgment against complainant as such garnishee defendant entered in the county of Saginaw.

Appeal from Gladwin; Sharpe, J. Submitted November 28, 1910. (Docket No. 116.) Decided March 12, 1912. Rehearing granted March 30, 1912. Former opinion overruled May 4, 1912. Application for second rehearing denied June 1, 1912.

Bill by Wilber W. Steele against Allaseba M. Bliss and Lorenzo T. Durand, executors of the estate of Aaron T. Bliss, deceased, *et al.*, for an injunction and other relief. From an order overruling demurrers to the bill of complaint, defendants appeal. Affirmed.

*Alex J. Groesbeck, Martindale, Henderson & Grose, Jonathan Palmer, Jr.*, and *George W. Weadock*, for complainant.

*William J. Gray* and *John A. McKay* (*Gray & Gray* and *Lorenzo T. Durand*, of counsel), for defendants.

McAlvay, J. Complainant filed his bill of complaint in this cause in the circuit court for Gladwin county, in chancery, in which county he resided and owned certain lands upon which a levy had been made of an execution issued out of the circuit court for Saginaw county, upon judgment at law rendered therein against him, for the purpose of setting aside said judgment and levy of execution and restraining appellants from enforcing said judgment. The principal judgment was obtained in a suit at

law brought in the circuit court of the county of Saginaw by Aaron T. Bliss, since deceased, as plaintiff, against Silas W. Tyler and Fred B. Tyler, copartners, as joint defendants on their joint liability upon promissory notes, and rendered against Fred B. Tyler, one of the principal defendants, and also a judgment in garnishment against Wilber W. Steele (this complainant), Caille Bros. Company, a corporation, A. Arthur Caille, and Adolph A. Caille, as garnishees of said defendant Fred B. Tyler.

The litigation in the suit and proceedings out of which the instant case arises have been before this court several times. For the purpose of a general understanding of the facts and questions involved in the case in Saginaw county, reference is had to the following decisions: *Bliss* v. *Caille Bros. Co.*, 149 Mich. 601 (113 N. W. 317, 12 Am. & Eng. Ann. Cas. 513); *Id.* 155 Mich. 480 (120 N. W. 6); *Id.* 157 Mich. 258 (121 N. W. 756); *Id.* 158 Mich. 212 (122 N. W. 543).

The first time that the law case in which the judgment now attacked was rendered was before this court the facts were stated as follows (*Bliss* v. *Caille Bros. Co.*, 149 Mich., at pages 602, 603 [113 N. W. 317, 12 Am. & Eng. Ann. Cas. 513]):

"Appellants (Caille Bros. Company, Wilber W. Steele, A. Arthur Caille, and Adolph A. Caille) are defendants in garnishment proceedings which have proceeded to judgment against them upon their default for want of appearance and disclosure. Execution has issued and property has been seized thereunder. The garnishment proceedings are ancillary to an action of assumpsit begun by Aaron T. Bliss in the circuit court for the county of Saginaw, in which county he resided, against two joint promisors, some time copartners, by the issuing of a summons and writ of attachment (3 Comp. Laws, § 10584) by serving one defendant personally within the jurisdiction of the court, and by attaching, as appears by the return of the sheriff, real estate of the other (nonresident) defendant, against whom alone the asserted ground for attachment existed, situated in said county. Judgment in the

170 MICH.—12.

principal action was rendered for the resident defendant upon his plea of the statute of limitations and his discharge in bankruptcy, and against the other (nonresident) defendant, who did not appear. Appellants are charged as garnishees of the judgment debtor. They reside in the county of Wayne, and the writ of garnishment was executed there.

" In the three several motions, in substantially the same form, entered in the court below, in each of which some of the garnishee defendants are the movers, it was asked that the judgment in the principal cause and in the garnishment proceeding, the defaults of the principal defendant and of the garnishee defendants, the service of the writs in both the principal and ancillary suits, be vacated and set aside, and that further proceedings under the execution levy be stayed, pending the hearing. Reasons given for the relief sought are based upon the record and files in the several cases and upon affidavits, which, it is claimed establish, among other facts, the one that the land upon which the writ of attachment was levied was not at that or at any other time the property of the nonresident judgment debtor. These motions coming on to be heard, they were denied. Thereupon appellants joined in suing out a writ of error, and have separately assigned errors."

The case was reversed upon a question of the disqualification of the judge who heard and decided these motions, which question was not brought to his attention, because not then known by him or the appellants in that case. After such disposition of the case, this court further said:

"As the judgments are not attacked for anything appearing of record in the matters in which they were rendered, but only by matters brought upon the record with the motions to vacate, and as the only other error assigned is that the court, in consideration of such matters of fact, should have vacated the judgments, there is no further question for our consideration."

These motions were heard before another judge of Saginaw circuit court and again denied. An application was then made to this court for a mandamus to compel the trial judge to file findings of fact and law. This was twice argued and denied. See *Caille Bros. Co.* v. *Sagi-*

*naw Circuit Judge,* 155 Mich. 480, at pages 481, 482 (120 N. W. 6). In the opinion written in this mandamus case, a statement of facts with the issues considered and determined also appears, as follows:

"The principal suit is based upon joint promissory notes executed by Silas W. Tyler and Fred B. Tyler as copartners. Personal service was had upon Silas. Fred was a nonresident, and certain land was attached belonging to him, the attachment levied, and a proper return made by the sheriff that he had levied upon the land of Fred B. Tyler. Silas appeared and interposed as a defense the statute of limitations and a discharge in bankruptcy, which defense was held to be valid. A copy of the affidavit for attachment, etc., was served upon Fred at his foreign residence. He did not appear. The sequence of the pertinent events is as follows: February 7, 1906, writ of garnishment, returnable February 27th; February 9, 1906, writ personally served; February 28, 1906, default for want of appearance; July 3, 1906, judgment in principal case; September 12, 1906, judgment in garnishment and issue of execution; September 13, 1906, execution levied upon property; November 27, 1906, motion to vacate judgment in garnishment; April 6, 1908, motion argued before respondent; October 5, 1908, motion denied.

"The circuit judge returns that the relator did not appear in answer to the writ of garnishment; that the plaintiff recovered judgment against the principal defendant, Fred B. Tyler; that the proceedings in both the garnishment and principal suits were regular on their face. He denied the motion to set aside the judgment because (*a*) the application was not made within six months after personal service, as required by Circuit Court Rule 12 (131 Mich. xxxv), and therefore came too late; (*b*) that relator could not impeach the judgment in the principal case by contradicting the record collaterally on motion; (*c*) that certain correspondence, which passed between counsel for the plaintiff and the relator, did not mislead it into believing that no judgment would be rendered against it."

Later the defendants in garnishment, by writs of error, undertook to remove the case to this court for review. These writs were on motion dismissed. *Bliss* v. *Caille Bros. Co.,* 157 Mich. 258 (121 N. W. 756); s. c., 158 Mich. 212 (122 N. W. 543).

While that case was pending in this court, complainant, one of the said garnishee defendants, filed the bill of complaint in this cause in Gladwin circuit court, in chancery. Complainant, Steele, named appellants as defendants to his bill of complaint, and also his fellow garnishee defendants, Caille Bros. Company, a corporation, A. Arthur Caille, Adolph A. Caille, and the principal defendant, Fred B. Tyler.

The appellants are the surviving executors of Aaron T. Bliss, also their attorneys, and the sheriff of Gladwin county, who, in the instant case, all appeared specially and moved for a perpetual stay of proceedings on the ground of want of jurisdiction. This motion was denied and exceptions to such denial were filed. The defendants Caille Bros. Company, a corporation, A. Arthur Caille, and Adolph A. Caille filed an answer and cross-bill, naming these appellants, with George T. Gaston, sheriff of Wayne county, as defendants. The defendant Fred B. Tyler answered in the nature of a cross-bill and named appellants, except the sheriff of Gladwin county, as defendants. Complainant, Steele, is not made a party defendant to these cross-bills. As to both these answers and cross-bills, the same motions for a perpetual stay of proceedings were made, and also denied, and exceptions to such denials filed. Formal answers to the bill of complaint were filed by defendants Sheriff Gaston of Wayne county and ex-Sheriff Burns.

These appellants, having been denied by this court, as not the proper remedies, writs of mandamus and prohibition applied for by them to be directed to the circuit judge of Gladwin county, ordering him to vacate his order denying perpetual stays of proceedings, and prohibiting him from exercising further jurisdiction in the case, then demurred to the bill of complaint and also, except the sheriff of Gladwin county, demurred to the cross-bills. These demurrers were overruled, and the case is before this court upon the appeals of the demurring defendants from the orders overruling their demurrers. The grounds

alleged in the demurrers of appellants, by reason of their number, will not be stated at length. Appellants admit that all of them may be considered under two heads · (1) *Res adjudicata;* and (2) want of jurisdiction.

It is insisted by appellants, and supported by the record, that the motions of the garnishee defendants (including complainant) in the principal case before the Saginaw circuit court to set aside their defaults and vacate the. judgments were based upon the identical grounds which are set up in complainant's bill in this cause as ground for vacating and setting aside said judgments. They therefore insist that the complainant and cross-complainants in this suit "seek the same relief, for the same parties, and on identical grounds, as was sought by the motions made in the Saginaw circuit court."

The judgments in question, in the motions made to vacate them, were attacked in the Saginaw court, as appears from the exhibits to the bill of complaint and the opinion of the judge hearing them, upon the grounds: (1) That default against them had been improperly entered; (2) that the judgment against principal defendant, Fred B. Tyler, was void for the alleged reason that the property attached did not belong to him; (3) that the judgment against them had been fraudulently obtained, by the attorneys for plaintiff misleading the garnishee defendants into believing that no judgment would be taken against them.

These motions were denied, as above set forth in *Caille Bros. Co.* v. *Saginaw Circuit Judge,* 155 Mich., at page 482 (120 N. W. 6), because: (*a*) The application was not made within six months after personal service, as required by Circuit Court Rule 12, and therefore came too late; (*b*) that relator could not impeach the judgment in the principal cause by contradicting the record collaterally on motion; (*c*) that certain correspondence which passed between counsel for the plaintiff and the relator did not mislead it into believing that no judgment would be rendered against it.

The judgments of the Saginaw court stand affirmed by this court. *Hitchcock* v. *Pratt*, 51 Mich., at page 267 (16 N. W. 639). These judgments of, that court must then be considered as in full force and effect at the time the complainant instituted this suit in Gladwin county for the purpose of vacating and setting them aside. In fact, the bill is constructed upon that basis alone, as its only object is to effect that purpose. We have already stated the grounds upon which complainant and cross-complainants rely to show the invalidity of such judgments. That none of these infirmities appear upon the face of proceedings to take such judgments, and that they are regular, cannot be disputed. This was held by the judge of the Saginaw court, stated as a fact in the opinion of this court, and recognized by the judge of the Gladwin circuit court in his opinion overruling appellants' motions for perpetual stays of proceedings.

The learned judge of the Gladwin circuit court retained jurisdiction solely upon the ground, as stated in his opinion, as follows:

" The equity will not be as to the sufficiency of any defense raised in the Saginaw court, nor the want of sufficiency of the plaintiff's claim. It will be confined to the question as to whether or not the complainant was induced to refrain from filing a disclosure in garnishment by the representations of defendants' attorneys in a manner to operate as a fraud upon his legal rights."

His conclusion, therefore, was that the circuit court of Gladwin county had jurisdiction to hear and determine the instant case on the allegation in the bill of complaint that the judgment against complainant had been fraudulently obtained, and he issued an injunction against the sheriff of Gladwin county, restraining the collection of the judgment upon the execution issued upon it from the circuit court of Saginaw county, and also against the sheriff of Wayne county, who had made a levy in that county upon a like execution, and restrained these other appellants from collecting such judgment. Appellants contend that the learned judge was in error in so holding.

While it is not contended that the general rule that "a demurrer admits all facts in a bill of complaint which are well pleaded" was not correctly stated by the court, yet appellants urge that the court erred in its application. In his opinion, the court said:

"For the purposes of this motion, the facts which are well pleaded in the bill of complaint must be taken as true. These, I think, establish: (1) That a judgment has been obtained against the defendant for over $16,000, not one dollar of which he owed the principal defendant; (2) that his omission or neglect to file a disclosure was due to representations made to him by the then plaintiff's attorney; (3) that he was prevented from having the default entered against him set aside by reason of Circuit Court Rule 12 [131 Mich. xxxv]; (4) that it is inequitable and unconscionable for plaintiff to collect such judgment."

The record of the proceeding in the circuit court for Saginaw county shows: A judgment against the principal defendant; a judgment against the garnishee defendants; motions by the garnishee defendants to vacate the principal judgment of the garnishee judgments against them upon the identical grounds relied upon in the instant case by complainant; the denial by the Saginaw circuit court of the motions of the garnishee defendants upon all the grounds relied on.

The contentions of appellants and the grounds of their demurrers were not based upon a denial of the recognized jurisdiction of courts, in chancery, to set aside judgments fraudulently obtained, but upon the ground that all of the questions here raised, including the question whether these judgments were fraudulently obtained, were included in the issue submitted by the garnishee defendants on their motions before the Saginaw court, a court of competent jurisdiction, to which they had voluntarily applied for a judgment and determination, and that they are estopped by the determination of said court in denying such motions from setting up the claim of fraud in obtaining such judgments against them, and therefore the Gladwin circuit court, in chancery, is without jurisdiction, for

the reason that these questions are *res adjudicata;* and appellants also contend that such court has no jurisdiction over or right to interfere with the process of the circuit court of Saginaw county, and has no right to restrain, by injunction, the sheriff of Gladwin county or the sheriff of Wayne county in the execution of process issued out of the Saginaw court in those counties, respectively.

Reverting to the consideration of what the trial court held was well pleaded in this bill of complaint, and therefor admitted as a fact by these demurrers, we find that complainant alleges facts in his bill of complaint contradicting the judgment records of the circuit court of Saginaw county. We have stated, *supra,* the facts the learned trial judge conceived were well pleaded, and therefore admitted by appellants' demurrers. This bill of complaint involves only the proceedings in the Saginaw circuit court. The record of that court, judicially determined to be entirely regular, must be accepted as the highest and final evidence of the facts involved. We have stated what such record shows, and have also stated that this case was retained by the Gladwin court on the sole ground of alleged fraud in obtaining these judgments.

Relative to alleged facts which are admitted by a demurrer, this court has said:

"* * * The demurrer does not admit the truth of matters which are not relevant or well pleaded, nor the correctness of legal inferences, nor any deductions of fact which are not reasonable, nor any meanings or implications which are opposed to the principles of reasoning or the rules of equity." *Churchill* v. *Cummings,* 51 Mich. 449 (16 N. W. 805).

In a recent case in this court, where it was sought to enjoin the enforcement of a judgment in an action at law, Mr. Justice Montgomery, speaking for the court, in an exhaustive opinion to which reference is had, said:

"As was said by Chief Justice Shaw, in *Greene* v. *Greene,* 2 Gray (Mass.), 361 [61 Am. Dec. 454], referred

to by Mr. Justice Miller in *United States* v. *Throck-morton* [98 U. S. 61] :

" ' The maxim that fraud vitiates every proceeding must be taken, like other general maxims, to apply to cases where proof of fraud is admissible. But where the same matter has been actually tried, or so in issue that it might have been tried, it is not again admissible; the party is estopped to set up such fraud, because the judgment is the highest evidence, and cannot be contradicted.' "

This court approved this doctrine and refused complainant relief. *Steele* v. *Culver*, 157 Mich. 344, at page 349 (122 N. W. 95, 23 L. R. A. [N. S.] 564); *United States* v. *Throckmorton*, 98 U. S. 61.

It appearing in the instant case that the question whether the judgments were fraudulently obtained was an issue submitted by complainant and the other garnishee defendants on their motions, they are estopped by the denial of those motions from setting up the claim of fraud in obtaining the judgments. The determination of that court is conclusive and *res adjudicata*. *Miller* v. *Morse*, 23 Mich. 365, 368; *Gray* v. *Barton*, 62 Mich. 186 (28 N. W. 813); *Shields* v. *Riopelle*, 63 Mich. 458 (30 N. W. 90); *Valley City Desk Co.* v. *Insurance Co.*, 143 Mich., at pages 470, 471 (106 N. W. 1125).

It follows that allegations of fact in complainant's bill of complaint, contradicting the record of the Saginaw judgments, were not well pleaded, because inadmissible. The trial court therefore was in error in holding that the following facts were well pleaded and established for the purposes of the motions and demurrers then before him:

(1) That complainant was not indebted on the judgment obtained against him; (2) that he omitted to file his disclosure in garnishment because of misrepresentations to him by plaintiff's counsel; (3) that he was prevented from having his default set aside (solely) by reason of Circuit Court Rule 12; and (4) that it is inequitable and unconscionable for plaintiff to collect the judgment.

This last-claimed fact is plainly an inference and conclusion of the pleader, founded upon facts not well pleaded.

Claim is made by complainant's counsel that the Saginaw court disposed of his motions solely by reason of the operation of Circuit Court Rule 12; said motions having been made more than six months after personal service. His bill of complaint refutes this contention in setting forth the grounds of the motions, and the opinion of the court considers all of them at length, and concludes with the statement that upon the whole record the motions should be denied.

Upon the question of obtaining the judgments by fraud, the opinion contains the correspondence relied on by complainant and cross-complainants and the conclusions of the court that the correspondence did not show any fraud, and that but a few days later the garnishee defendants were served with a second writ of garnishment, to which they did not appear and did not seek to set aside their default. The conclusions of the court upon the question of fraud are justified by the record. The record shows that at the time their motions were presented to the Saginaw court the garnishee defendants were in possession of all the knowledge any of them ever had as to claimed fraud and misrepresentations on the part of appellants' counsel.

It clearly appears that all of the questions presented to the Saginaw court were vital and material, and its decision on any of them was not dictum. *Wales* v. *Lyon*, 2 Mich., at page 281; *Jacobson* v. *Miller*, 41 Mich. 94, 95 (1 N. W. 1013).

Another question of importance requires consideration. It is contended that the court in the instant case was without jurisdiction to interfere with the process of the Saginaw court; that the sheriffs of Gladwin and Wayne counties, respectively, in enforcing the writs of execution, were acting as officers of that court, and restraining them is a direct interference with such process. That these injunctions were an interference with the process of the Saginaw court cannot be disputed. It is well settled that " every court has the exclusive control over its own process, and

no other court has the right to interfere with or control it."
The United States Supreme Court has said:

" It is a doctrine of law too long established to require
a citation of authorities that, where a court has jurisdic-
tion, it has a right to decide every question which occurs
in the cause, and whether its decision be correct or other-
wise its judgment, till reversed, is regarded as binding in
every other court; and that where the jurisdiction of the
court and the right of a plaintiff to prosecute his suit in it
have once attached, that right cannot be arrested or taken
away by proceedings of another court.  These rules have
their foundation, not merely in comity, but on necessity.
For, if one may enjoin, the other may retort by injunction,
and thus the parties be without remedy, being liable to a
process for contempt in one, if they dare to proceed in the
other." *Peck* v. *Jenness*, 48 U. S. 612, 624, quoted in *Cen-
tral Nat. Bank* v. *Stevens*, 169 U. S. 459 (18 Sup. Ct. 413).

"But it has been frequently determined by this court
that the jurisdiction of a court is not exhausted by
the rendition of the judgment, but continues until the
judgment shall be satisfied.  Thus it was said in *Riggs*
v. *Johnson County*, 6 Wall. (U. S.) 166, that process sub-
sequent to judgment is as essential to jurisdiction as pro-
cess antecedent to judgment, else the judicial power would
be incomplete and entirely inadequate to the purposes for
which it was conferred by the Constitution." *Central Nat.
Bank* v. *Stevens*, 169 U. S. 464, 465 (18 Sup. Ct. 415).

The trial court held that, because the land upon which
execution issued out of the Saginaw court had been levied
was located in Gladwin county, that court was a proper
forum in which to institute a suit to raise the question
attacking the Saginaw judgments on account of the
claimed fraud in obtaining them, and restraining their
collection.  In cases like the one presented by this record,
to allow the circuit court of one county to interfere with the
process of the circuit court of another county would create
great confusion and render the collection of regular and
valid judgments most precarious, and would be an unsafe
doctrine to promulgate.  There was no jurisdiction in the
Gladwin circuit court to interfere with the process issued
from the Saginaw circuit court, which alone had control

of its own process.  It will not be necessary to consider other questions discussed in the able briefs of counsel. We agree with the appellants upon the controlling propositions raised by their demurrers.

Our conclusion, for the reasons herein stated, is that the decree overruling the demurrers and the motions for perpetual stays of proceedings be reversed and set aside and the injunctions dissolved, and a decree will be entered in this court sustaining said demurrers and granting appellants perpetual stays of proceedings as prayed, and that defendants recover costs of both courts against complainant and cross-complainants, to be taxed.

MOORE, C. J., and BROOKE, BLAIR, and OSTRANDER, JJ., concurred.

### ON REHEARING.

BROOKE, J.  A re-examination of this case convinces me that the court reached an erroneous conclusion in the opinion reported *ante*, 175 (134 N. W. 1013).

We there held:  (1) That the allegations of fraud set up in the bill of complaint charging that the judgment against him as garnishee defendant was fraudulently obtained had been passed upon by the circuit court for the county of Saginaw and by this court adversely to complainant's claim and were therefore *res adjudicata;* and (2) that the Gladwin circuit court was without jurisdiction to restrain the collection of the judgment.

It is true that in *Caille Bros. Co.* v. *Saginaw Circuit Judge*, 155 Mich. 480 (120 N. W. 6), the Saginaw circuit judge returned that he denied the motion to set aside the default judgment for three reasons:

" (*a*) The application was not made within six months after personal service, as required by Circuit Court Rule 12 (131 Mich. xxxv), and therefore came too late; (*b*) that relator could not impeach the judgment in the principal case by contradicting the record collaterally on motion; (*c*) that certain correspondence, which passed between counsel for the plaintiff and the relator, did not

mislead it into believing that no judgment would be rendered against it."

In the opinion of the learned circuit judge in that case we find the following language:

"It does not seem possible that business men would fail to appear in a case in view of the two letters above quoted, relying on a promise of Mr. McKay, in the first letter, which was distinctly based upon another promise that was called a misunderstanding in the reply letter. * * * With reference to the third point, namely, that lot three (3), block thirty (30), was not the property of Fred B. Tyler, we are of the opinion that this question cannot be, and ought not to be, decided upon a motion. It is a collateral attack upon the judgment against Fred B. Tyler. In order to maintain the position, testimony outside the record it is conceded must be taken; and it therefore follows that, so far as the record of the judgment itself is concerned, it is regular, and, being regular, the default of the garnishee defendants was regularly entered. The opinion of the court is that if, as a matter of fact, the property attached as the property of Fred B. Tyler, and so returned by the sheriff of Saginaw county in his return to the writ of attachment, was not, in fact, his property, it would amount to a legal fraud, and is a subject for equity jurisdiction, and cannot be determined upon the motion of the garnishee defendants. It would be a proper equity proceeding for the garnishee defendants, if they were to suffer loss by reason of the judgment against them, to inform a court of equity of that fact, and of their relations, if any, to Fred B. Tyler, to allege the legal fraud and obtain an injunction staying all proceedings at law until the legal fraud was determined."

It is therefore apparent·that the learned circuit judge, who denied the motion of the garnishee defendants to set aside the judgments against them, assumed to pass upon one phase of the fraud alleged in the affidavits, and distinctly declined to pass upon another phase thereof.

But, when that case reached this court upon an application for a mandamus to compel the circuit judge to settle findings of law and fact, we find that neither phase of the fraud alleged was passed upon by this court. Justice GRANT, speaking for the court, said:

"There are two fatal objections to relator's right to the writ: (1) Circuit Court Rule 12 (131 Mich. xxxv) provides that no default shall be set aside unless the application shall be made within six months after personal service.   *   *   *

"(2) If *Stringer* v. *Dean, supra* (61 Mich. 196), is applicable to this case, the defendant has not complied with the practice there laid down.   It made no application to frame issues of fact or of law to be tried by the court. Relator now claims that there were several issues of fact involved in this motion for a new trial.   If it desired to raise them and have specific findings thereon, the plaintiffs were entitled to have them defined, so that they might have an opportunity to prepare to meet them."

It will be noted that no mention is made of any phase of the alleged fraud in this opinion except incidentally in setting out the third of the three reasons which moved the circuit judge to deny the motion.

It is said in our former opinion that "the judgments of the Saginaw court stand affirmed by this court." This statement is strictly true, but a single and sufficient reason for the denial of the motion by the circuit court and the affirmance of that action by this court lies in the fact that Circuit Court Rule 12 offered an insurmountable barrier to the granting of the motion.   Suppose the trial judge had concluded, and so returned, that the allegations of fraud set up in the motion had been fully sustained by the affidavits filed in support thereof, and suppose, further, that an examination of the record had convinced this court that he was correct in his conclusions, nevertheless the judgment denying the motion must have been the same. If the garnishee defendants could under no circumstances have had a judgment in their favor upon the facts alleged (and they could not because of the rule), it seems plain that the adverse opinion of the circuit judge upon those facts or any part of them should not be permitted to assume the form and dignity of an adjudication.   In the case of *Fifield* v. *Edwards*, 39 Mich. 264, Justice Cooley said:

"The fact that a suit has been instituted and evidence

produced is of no importance whatever, if, in fact, the evidence was directed to matters which were foreign to the issue. If, for example, the plaintiff in an action of assumpsit were to attempt to litigate a matter of trespass to lands, it would be immaterial how far he should go into the evidence, or at what stage of the proceedings the rulings should be made rejecting his claim; the bar cannot attach, because in law, whatever may have been the testimony, there could have been no recovery. Nothing would seem to be plainer than that no man could be barred by a judgment against him who was not by the issue placed in such a position that establishing his demand would entitle him to a judgment in his favor."

We are of opinion that there has never been an adjudication upon the merits of the various allegations of fraud contained first (in part) in the affidavits filed in support of the motion to set aside the default of the garnishee defendants, and now repeated and enlarged in the bill of complaint herein. It is to be noted that in the affidavits dated November 27, 1906, there was included an affidavit of merits and in the bill of complaint herein a distinct denial under oath on the part of this complainant of any indebtedness either joint or several to Fred B. Tyler.

Does the bill state a case for equitable relief? It charges that complainant was regularly served with process in the garnishee suit on February 9, 1906. A garnishee summons was also served on the complainant as a member of a copartnership firm known as the Caille Company, and also upon the corporation known as Caille Bros. Company, of which complainant was a stockholder and officer. A disclosure was filed by complainant on behalf of the Caille Company. The bill alleges that several conversations were had between complainants and defendant McKay, who was the attorney for the plaintiffs in the original and garnishee suit, and specifically states in paragraph 13:

"That in these conversations said McKay stated to your orator that he should file a disclosure on behalf of the Caille Company, but, as to the other defendants, your orator should pay no attention to the garnishment pro-

ceedings, and assured your orator that as to them nothing further would be done."

The bill also alleges that complainant was examined in the garnishee suit against the Caille Company on February 14, 1906, that he was not represented by counsel, and that his examination showed that there was no liability whatever on the part of the Caille Company or complainant to the principal defendant, and, further, that—

"Your orator was expressly told, while said examinations were being conducted by the attorneys for the plaintiff, that he need pay no further attention to the same, and that, if there was anything further wanted of him, they would let him know. Your orator charges that these statements and representations were made to him for the purpose of deceiving him, and leading him to believe that nothing further would come of the said garnishment case, and no injury be done to your orator."

The default of complainant for not filing a disclosure was entered on February 28, 1906, and a judgment taken against him thereon on September 12, 1906, for the amount of which judgment had theretofore been rendered against the principal defendant, $16,603.48.    The bill further alleges that complainant had no notice or knowledge that his default had been entered until after the entry of such judgment in September; that up to this time the complainant had relied upon the promises of defendant McKay, attorney for the plaintiff, and had not consulted an attorney; that he now retained an attorney, and filed a motion asking that the judgment and default be set aside. We think that under the authorities a clear case for equitable relief is set out.   2 Pomeroy's Equitable Remedies, §§ 637, 647, 649, 650; *United States* v. *Throckmorton,* 98 U. S. 61; *Marine Ins. Co.* v. *Hodgson,* 7 Cranch (U. S.), 332.

To sustain the action of the circuit judge in overruling the demurrer, it is not necessary to interfere with the judgment against Fred B. Tyler, or to pass upon the right of the garnishee defendant to question it.   The juris-

diction of the court may be predicated upon its power and right to act upon the person who wrongfully obtains the judgment and enjoin its enforcement. *Stilwell* v. *Carpenter,* 59 N. Y. 414; *Phillips* v. *Negley,* 117 U. S. 665 (6 Sup. Ct. 901). In *Ewing* v. *Lamphere,* 147 Mich. 659, at page 662 (111 N. W. 187), at page 189 (118 Am. St. Rep. 563), this court said:

"Jurisdiction is invoked upon other grounds; and they are, *first,* that there is a necessity to protect the fund pending the proceedings in probate court; *second,* that a judgment fraudulently obtained be set aside, without which the fund could not well be reached.

" That equity may assume jurisdiction in both classes of cases does not admit of doubt (see 1 High on Injunctions [4th Ed.], § 688), and, while equity will not lightly interfere to suspend the effect of judgments, it is no uncommon thing for it to do so, to prevent the collection of a judgment obtained, upon filing a bill to vacate the judgment on the ground of fraud in procuring it. See 1 High on Injunctions (4th Ed.), §§ 190 *et seq.,* 207, 232, 233, 235. It is noticeable that section 207 indicates that a preliminary injunction issued in the case there cited. *Gainty* v. *Russell,* 40 Conn. 450. See, also, 1 High on Injunctions (4th Ed.), §§ 3, 4, 5*a,* 8 (and notes 40, 42, 43), 19. The jurisdiction to set aside judgments on the ground of fraud is equally well supported. See cases cited above. 1 Story on Equity Jurisprudence (13th Ed.), § 252; 12 Am. & Eng. Enc. Law (1st Ed.), pp. 139–142. Especially should this be true where the court which rendered the judgment is powerless to give relief. *Grady* v. *Hughes,* 64 Mich. 540 [31 N. W. 438]; *Id.* 80 Mich. 184 [44 N. W. 1050]; *Corby* v. *Wayne Probate Judge,* 96 Mich. 11 [55 N. W. 386]; *Maney* v. *Casserly,* 134 Mich. 258 [96 N. W. 478].

"It was clearly competent, therefore, for the complainants to bring this suit to set aside the orders of the probate court in the administration proceeding, upon the ground that they were obtained by fraud, although the court should, perhaps, defer a final determination of the question until the question of the fraudulent suppression of the will, upon which it depends, shall have been tried out in probate court, on the application to admit it to probate."

It is clear that the Saginaw circuit court at law has no

jurisdiction to interfere for the protection of complainant. The questions involved are peculiarly within the province of a court of equity. The complainant resides in Gladwin county and his property in that county was levied upon under the execution. The Gladwin county circuit court in chancery therefore acquired jurisdiction of the parties as well as the subject-matter of the suit. *Robinson* v. *Kunkleman,* 117 Mich. 193 (75 N. W. 451); *Mactavish* v. *Kent Circuit Judge,* 122 Mich. 242 (80 N. W. 1086); 1 Comp. Laws, § 434; *Chapin* v. *Montcalm Circuit Judge,* 104 Mich. 232 (62 N. W. 351). See, also, *Scripps* v. *Sweeney,* 160 Mich. 148 (125 N. W. 72). Courts of law proceeding according to strict rules sometimes, perhaps not infrequently, reach results not in accordance with the principles of abstract justice. Courts of equity were designed to afford relief where none was possible under the inflexible practice on the law side. If the averments of fraud contained in this bill of complaint are susceptible of proof, which would convince the conscience of a chancellor, it would, in my opinion, be a reproach to justice to permit such an outrage to be perpetrated through the interposition of legal technicalities.

One pregnant fact stands out in all these proceedings. From the moment this complainant learned that a judgment by default had been taken against him, he has been active and earnest in his attempts to secure a hearing upon the merits of the controversy as it affects his interests. This right he has heretofore been denied with propriety. He is now, however, in a forum where his rights may be preserved and his wrongs (if he has suffered any) may be redressed.

The demurrers were properly overruled by the learned circuit judge. His orders are affirmed, with costs to the appellee.

MOORE, C. J., and STEERE, BLAIR, OSTRANDER, STONE, and BIRD, JJ., concurred. McALVAY, J., concurred in the result.